NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

REISMAN BROS., INC., Respondent.

No. 126, Docket 32215.

United States Court of Appeals Second Circuit.

Argued Oct. 9, 1968.

Decided Oct. 23, 1968.

Frank H. Itkin, Atty., National Labor Relations Board (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Eugene B. Granof, Atty., Washington, D. C., on the brief), for petitioner.

Raphael Persky, New York City, for respondent.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order requiring Reisman Bros., Inc. to bargain with Local 29, Retail, Wholesale and Department Store Union, AFL-CIO. There is no need to recount in detail the events leading up to the union's charge that the company failed to bargain with it in good faith. The nub of it is that after a strike, an election, and certification of the union as the bargaining representative of the company's employees, the union and the company met only once, in August 1966. On that occasion the union presented its demands. A few days later, the company by letter rejected the demands as unrealistic. Agreeing to them, it claimed, would increase its labor costs in a two-year period about eighty per cent, or almost $50,000. The union's reply asked for counter-proposals and a meeting to discuss the claimed cost figure. However, the company refused to meet unless the union submitted more "reasonable" proposals. The union there-after reduced its demands slightly, asking for another meeting and counteroffers. The company again declined to meet until it received "practicable and reasonable" demands.

The trial examiner pointed out that a bargaining stage may be reached at which a union's bad faith in making demands is so obvious that an employer may refuse to bargain until there is a more reasonable approach. However, he found that the evidence before him was not sufficient to relieve the company of the obligation to meet with the union face to face. The examiner concluded that the company had to put its conviction of the union's intransigence to the test of meeting with it again and that if the company's evaluation was correct, an impasse would result, relieving the company of any need to bargain further.

 The question of good or bad faith, on the part of the union or the company, is primarily a factual issue. While there is evidence here pointing both ways, there is sufficient in the record considered as a whole to support the Board's conclusion that the company had "the duty to take at least one more step" and meet with the union again.

The Board's petition to enforce its order is granted.